UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.

MARGARETANNE HAISER,
a Florida resident and citizen,

      Plaintiff,

v.

MSC CRUISES (USA) INC.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff MARGARETANNE HAISER, by and through undersigned counsel, files this Complaint against Defendant MSC CRUISES (USA) INC., a corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.     Plaintiff MARGARETANNE HAISER is sui juris and is a permanent resident and citizen of the State of Florida.

3.     Defendant MSC CRUISES (USA) INC. is a foreign corporation with its principal place of business in Ft. Lauderdale, Broward County, Florida.  For federal jurisdictional purposes, MSC CRUISES (USA) INC. is a citizen of Florida.

CASE NO.

4.      This court has subject matter jurisdiction in admiralty pursuant to Title 28, Section 1333, United States Code, and Rule 9 (h) of the Federal Rules of Civil Procedure.

5.      At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Broward County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6.      In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

7.      The Defendant's principal place of business is located in Broward County Florida. Accordingly, venue is proper in this Court.

8.      Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract and this complaint is timely pursuant to an agreement to extend the statute of limitations with counsel for the Defendant.

## LIABILITY AND DAMAGE ALLEGATIONS

9.      At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "DIVINA."

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

10.     At all material times, the Plaintiff was a fare-paying passenger on board the M/S

DIVINA and in that capacity was lawfully present on board the vessel.

11.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger

lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to

take reasonable steps to warn of or correct dangerous conditions which it had created or of which

it actually knew or should have known in the exercise of reasonable care.

12.     On or about March 23, 2017, while the Plaintiff was lawfully on board the M/S

DIVINA as a fare paying passenger, the Plaintiff was walking on the Deck 15 on the vessel,

when she slipped on a wet, foreign or transitory substance on the floor and fell and sustained

serious injuries.

13.     At all material times including the time referenced in the preceding paragraph, the

Plaintiff traversed an area of the ship that was a high traffic area on the vessel so that the

Defendant knew or should have known of the likelihood of the presence of a wet, foreign or

transitory substance, but failed to undertake reasonable safety measures for passenger safety.

14.     The wet, foreign or transitory substance in the area where the Plaintiff fell had

existed for a sufficient period of time before the Plaintiff's accident that the Defendant had actual

or constructive knowledge of its presence and an opportunity to correct or warn of it, or knew or

should have known in the exercise of reasonable care that the wet, foreign or transitory substance

posed a slip and fall hazard to passengers in the subject area.

15.     Alternatively, the Defendant created wet, foreign or transitory substance and was

thereby negligent.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

16.     Notwithstanding Defendant's actual or constructive knowledge, or creation of the wet, foreign or transitory substance on the floor, the Defendant failed before the time of the Plaintiff's fall either to correct the condition, or to take reasonable steps to warn passengers adequately of the condition.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

17.     The Defendant's specific negligent acts or omissions consist of one or more of the following:

    a.     Failing to maintain the floor area where the Plaintiff fell in a reasonably safe condition;

    b.     Failing to inspect the deck area where the Plaintiff fell for wetness, slipperiness or contaminants;

    c.     Failing to use safe flooring material, mats, and other non slip materials on the floor in and around the area where the Plaintiff fell;

    d.     Failing to conduct sufficiently frequent  routine inspections of the area where Plaintiff fell for wetness, slipperiness or contaminants;

    e.     Failing to establish, implement, or enforce necessary policies and procedures regarding cleaning and maintenance of the area where Plaintiff fell;

    f.     Failing to warn Plaintiff that the area where she fell was wet, slippery or dangerous;

    g.     Failing timely to correct the wet or slippery condition of the floor where Plaintiff fell;

    h.     Failing to warn;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

    i.      Failing otherwise to exercise reasonable care in managing and operating the subject area on the subject vessel;

    j.      Additional acts of negligence not yet discovered.

18.    As a direct and proximate result of the slip and fall described above and hence of the Defendant's negligence, the Plaintiff was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation of preexisting injuries, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

Executed this 27th day of April, 2018.

<div style="margin-left:40%">

<u>s/**NICHOLAS I. GERSON**</u>
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
cbenedi@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:   (305) 371-6000
Facsimile:   (305) 371-5749

</div>

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com